**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DIANE MINEHART and,
CAROL SANTELL

    Plaintiffs,

v.

                                CASE NO. 8:07-CV-129-T-30MSS

PHYSICIAN'S STAT LAB, INC. and
HAROLD E. WARNER, SUPERVISED
RELEASE., individually,

    Defendants.
_____/

# ORDER

    This cause comes before the court upon Defendants, Physician's Stat Lab, Inc.'s and Harold E. Warner, Sr.'s Motion to Dismiss Count III and Count IV of the Complaint (Dkt. 18) and Plaintiff's Response (Dkt. 23).

## Motion to Dismiss Standard

    When considering a motion to dismiss, this Court must review the Complaint in the light most favorable to plaintiff and construe all allegations in the Complaint as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). A court may, however, dismiss a complaint on a dispositive issue of law. Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief . . . However, the alleged facts need not be spelled out

1

with exactitude nor must recovery appear imminent." Quality Foods De Centro America S.A. v. Latin America Agribusiness Development Corp., 711 F.2d 989, 995 (11th Cir. 1983). A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that the plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); South Florida Water Mgmt. Dist.v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996).

## Discussion

Taking all allegations as true, Plaintiffs Diane Minehart and Carol Santell are seeking damages against Defendants Physician's Stat Lab, Inc. and Harold E. Warner, Supervised release. for assaults and batteries allegedly perpetrated by Harold E. Warner, Supervised release., managing agent of Physician's Stat Lab, Inc. (Dkt. 2).

Plaintiffs filed two complaints in the Sixth Judicial Circuit in and for Pasco County, Florida against Physician's Stat Lab, Inc. and Harold E. Warner, Supervised release. alleging Assault and Battery (Counts I and II), and violation of the Florida Whistleblower Act (Counts III and IV) in the first complaint and alleging sexual harassment (Counts I and II) and retaliation (Counts III and IV) in violation of Title VII of the Civil Rights Act of 1964 in the second complaint. The complaints were consolidated by the state court prior to removal.

Defendants Physician's Stat Lab, Inc. and Harold E. Warner have jointly filed a motion to dismiss arguing Counts III and IV of the first Complaint should be dismissed because Plaintiffs have (1) failed to describe or identify the "various laws, rules or regulations" Defendants allegedly violated, and (2) failed to particularly

describe the alleged "adverse employment action" as required by Fla. Stat. 448.102(3).  (Dkt. 19).

In order to establish a prima facie case for retaliation under the Florida Whistleblower Act, a Plaintiff to show that "(1) there was a statutorily protected participation, (2) that an adverse employment action occurred, and (3) that there was a causal link between the participation and the adverse employment action." Bell v. Georgia-Pacific Corp., 390 F.Supp.2d 1182, 1187-88 (M.D. Fla. 2005).  Taking the facts alleged as true, this Court finds the Complaint does not sufficiently allege a claim under the Florida Whistleblower's Act.  See Fla. Stat. 488.102(3).

Plaintiffs must allege they suffered a retaliatory personnel action.  This retaliatory personnel action includes "any adverse employment action, taken by an employer against an employee in the terms and conditions of employment." Fla. Stat. § 448.101(5)(2005).  Plaintiffs have not specified in the Complaint what adverse employment action was suffered.[1]

Without specifying the adverse employment action, Plaintiffs fail to allege sufficient facts in the Complaint to support a claim for relief under the Florida Whistleblower's Act. Fla. Stat. 448.102.  This Court will grant Defendants' Motion to Dismiss Counts III and IV of the Complaint.

On this Court's own motion, the Court finds that the parties are improperly joined in violation of Fed. R. Civ. Pr. 20(a).  Therefore, the first named plaintiff, Diane

---

[1] In the Brief in Opposition to the Motion to Dismiss, Plaintiffs allege that the adverse employment action was continued sexual harassment.  This claim cannot be considered by this Court because it was not specified in the Complaint.  Moreover, continued sexual harassment is not the type of adverse employment action contemplated by the Florida Whistleblower's Act.

Minehart, will have 30 days to file an amended complaint in this case alleging her individual claims.  The second named plaintiff, Carol Santell, will be permitted to file an amended complaint with the accompanying filing fees in order to assert her own individual claims in a separate case.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss Counts III and IV (Dkt. 18) is **GRANTED**.

2. Plaintiffs are granted 30 (thirty) days from the date of this Order to Amend the Complaint.

3. The Plaintiffs actions are hereby severed.  The Clerk is directed to file an amended complaint of Carol Santell in a new case, if she pays the appropriate filing fee with her amended Complaint.  Otherwise, her claims will be dismissed without leave to amend.

**DONE** and **ORDERED** in Tampa, Florida on April 20, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record